GEORGE LEWIS, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May 13, 1889.*

1. *Negligence. Railroad crossing.*—In an action for injuries at a railroad crossing in attempting to cross the track, the whole question of plaintiff's negligence must be measured by the test whether he used all the precautions, in view of the peril, that a reasonable, prudent man would have used to prevent injury, and is usually a question for the jury.

2. *Same. Highway.*—The fact that a road is a public highway by user is sufficient to bring it within the statute requiring signals to be given; and such user is properly submitted, upon the evidence, to the jury.

3. *Same. Charge. Error cured.*—A subsequent charge to the jury, which is as favorable to the objecting party as the facts warrant, will cure any error therein upon the same point.

4. *Same. Complaint.*—An allegation in the complaint that the crossing had been "extensively and notoriously used by the public at the time of said accident, and for many years prior to the knowledge of the defendant," is sufficient to raise the issue whether this crossing was a public highway, within the statute requiring signals.

5. *Same. Evidence. Custom.*—Evidence of custom on the part of defendant to signal the approach of trains to this crossing, is admissible to show that defendant knew and recognized it to be dangerous, and as bearing upon the issue of plaintiff's care and conduct.

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial on the minutes.

*Lewis E. Carr*, for appellant.

*J. M. Gardner*, for respondent.

PRATT, J.—Two questions arise in this case, neither of which are very easy to determine. The defendant claims that the evidence was insufficient to warrant the submission to the jury of the question of defendant's negligence or the

freedom of the plaintiff from neglect.   The latter question, we think, was a fair question for a jury.

The plaintiff testifies that before attempting to cross the track he stopped at the usual place to look for approaching trains ; that he looked to his left, the direction from which the train that struck him was approaching, and neither saw nor heard a train ; that he then looked at his right for a second or two while starting his team, and then again looked at his left, when the train was upon him.

It was a fair question for the jury to say whether he made a vigilant use of his senses to discover approaching danger, whether, in fact, in view of all the circumstances, he acted like a prudent man.   The question was submitted to the jury under unexceptionable charge, and we cannot say the verdict is against the weight of evidence.   The whole question must be measured by the test whether he used all the precautions, in view of the peril, that a reasonable, prudent man would have used to prevent injury. There was no occasion for him to look for approaching trains until about the time he was about to cross the track ; at all events his duty in this respect was a question for the jury, and the request seems to have been made by defendant for a charge in this respect.   He had been waiting some time for a train coming from his right to pass, and it was as much his duty to guard against an approaching train from his right as one coming from his left.

On the whole case as made upon this question, we think the jury was right in finding that the plaintiff was free from negligence.

The defendant's negligence turns upon the question, *first*, whether the defendant owed the statutory duty, in respect to crossing highways, of ringing a bell or blowing a whistle ; and upon the further question of fact whether it was performed in this instance.

The statute imposes this duty in approaching crossings, " On all publicly travelled roads."

The defendant complains that this was never laid out or accepted as a public highway, and hence must be regarded as a private crossing, but the evidence was sufficient to establish the fact that this was a public highway by user sufficient to bring it within the statute requiring signals to be given.

There is no doubt but this was such a crossing as called upon the defendant to exercise some reasonable care in approaching it, but the trial judge charged in general terms, " That when a locomotive crosses a highway upon grade, the whistle must be blown or bell rung eighty rods before it reaches the highway, etc." This was true as an abstract proposition, but by implication it assumed that this was a public crossing to which the defendant took exception. The judge then left it to the jury, to determine whether that was a public highway by user, saying. "If this is a highway, the law applies to it, and it does not apply to private crossings."

This last charge not only cured the error, if any was committed, but was quite as favorable to the defendant as the facts warranted, as, assuming it to be a private crossing, under all the evidence, it was a fair question for the jury to say whether reasonable care was used in approaching it.

The complaint was, however, sufficient to raise the issue whether this crossing was a public highway, within the statute requiring signals.

The allegation is that the crossing, etc., "being extensively and notoriously used by the public at the time of said accident, and for many years prior, to the knowledge of the defendant." This statement, while not artistic, if sufficiently proved would warrant a finding that the crossing was within the statute.

Upon the question whether the signals were given, the

evidence was contradictory, but there was sufficient testimony of a failure to do so, to sustain the verdict.

The exception to the admission of evidence of custom on part of defendant to signal the approach of trains to this crossing was not well taken. It tended to show how defendant had regarded this crossing, *i. e.*, knew and recognized it to be dangerous. It also had a bearing upon the issue of plaintiff's care and conduct, as, if such had been the habit, a failure on this occasion might well allure plaintiff to attempt to cross.

We fail to find any error sufficient to warrant granting a new trial.

Judgment affirmed, with costs.

DYKMAN, J., concurs; BARNARD, P. J., not sitting.

